[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 16, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15033
Non-Argument Calendar

_____

BIA No. A95-220-761

REIMUNDO AREIZA-MOREA,
DANIELA AREIZA-VELA,
NELLY VELA-CERQUERA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(July 16, 2007)**

Before BLACK, MARCUS and FAY, Circuit Judges.

PER CURIAM:

In a petition for review filed on September 18, 2006, lead petitioner Reimundo Areiza-Morea, together with his wife and daughter (hereinafter "Petitioners" when referred to collectively), all natives and citizens of Colombia, seek review of the Board of Immigration Appeals' ("BIA") decision of August 21, 2006, denying their motion to reopen their removal proceedings. In their brief before this Court, however, petitioners raise no argument regarding the denial of their motion to reopen; rather, they challenge the BIA's decision of November 9, 2005, affirming the Immigration Judge's ("IJ") denial of their applications for asylum and withholding of removal under the Immigration and Nationality Act ("INA").[1] For the reasons discussed more fully below, we dismiss the petition, in part, and deny, in part.

We are "obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004) (quotation omitted). By statute, an alien seeking review of a final order of the BIA must file a petition for review within 30 days of the issuance of the final order. INA § 242(b)(1); 8 U.S.C. § 1252(b)(1). An order of removal becomes final upon, inter alia, the dismissal of an appeal by the BIA. See 8 C.F.R. § 1241.1(a). "[T]he statutory limit for filing a petition for review in an

---

[1]Petitioners seek asylum and withholding of removal on the ground that they suffered past persecution from the Revolutionary Armed Forces of Colombia on account of their political opinion and membership in a particular social group.

2

immigration proceeding is 'mandatory and jurisdictional,' [and, therefore,] it is not subject to equitable tolling." Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (quoting Stone v. INS, 514 U.S. 386, 405, 115 S.Ct. 1537, 1549, 131 L.Ed.2d 465 (1995)). The finality of a removal order is not affected by the filing of a motion to reopen or reconsider. Stone, 514 U.S. at 405, 115 S.Ct. at 1549. "We review the BIA's denial of a motion to reopen for an abuse of discretion." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005).

Because Petitioners did not file their petition for review within 30 days of the BIA's November 9, 2005 decision, and because the filing of a motion to reopen does not toll this statutory period, we lack jurisdiction to review the November 9, 2005 decision and therefore dismiss the petition as it relates to that decision. Although we have jurisdiction to review the BIA's August 21, 2006 decision denying Petitioners' motion to reopen, Petitioners have abandoned any claim of error as to that decision by failing to challenge it in their brief. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n. 2 (11th Cir.2005) (concluding that where a petitioner fails to raise arguments regarding the issue on appeal, that issue is deemed abandoned). Accordingly, as to that order, their petition is denied.

**PETITION DISMISSED, in part; DENIED, in part.**

3